```
            UNITED STATES DISTRICT COURT
              DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| PUERTO RICO SOCCER LEAGUE NFP, CORP., ET AL<br><br>**Plaintiffs**<br><br>v.<br><br>FEDERACIÓN PUERTORRIQUEÑA DE FUTBOL, ET AL<br><br>**Defendants** | CIVIL NO. 23-1203 (RAM) |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiffs Puerto Rico Soccer League NFP, Corp. ("PR Soccer League"), Joseph Marc Serralta Ives, Maria Larracuente, Jose R. Olmo-Rodriguez, and Futbol Boricua (FEBNET), Inc.'s ("FBNET") (collectively, "Plaintiffs") *Emergency Motion for Injunctive Relief and Incorporated Memorandum of Law in Support Thereof* (the "*Motion*") and the parties' submissions opposing and supporting the *Motion*. (Docket Nos. 64, 66, and 68). Having reviewed the entire record, the Court hereby **DENIES** Plaintiffs' request for injunctive relief for the following reasons.

## I. PROCEDURAL BACKGROUND

In the *Third Amended Complaint*, the operative complaint in this case, Plaintiffs claim that co-defendant Federación Puertorriqueña de Fútbol, Inc. ("FPF") and others are: (a) coordinating in unlawful monopolistic practices in violation of

the Sherman Act, 28 U.S.C. §§ 1331, 1337; (2) advancing a scheme to defraud Plaintiffs of money, property, and benefits in violation of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"); (3) violating federal immigration laws, 18 U.S.C. § 1351; and (4) in breach of their fiduciary duties towards FPF's members. (Docket No. 33). Plaintiffs bring additional state law claims for abuse of power, tortious interference, and negligence. Id.

On December 5, 2023, Plaintiffs filed the present *Motion* seeking injunctive relief. (Docket No. 64). Plaintiffs allege that two members of plaintiff FBNET, Edwin Jusino ("Jusino") and Ivan Omar Méndez-Díaz ("Méndez"), were removed from the Women's Soccer National Team match after the Secretary General of FPF, Gabriel Ortiz, saw that they were in attendance. Id. at 2. Per the *Motion*, security guards informed Jusino and Méndez that the match was "a private event, the host reserves the right of admission, and you are banned." Id. at 3. Plaintiffs assert that Jusino and Méndez were expelled solely because of their membership in FBNET. Id. at 4.

Plaintiffs assert that Defendants' interference with Jusino and Méndez caused irreparable injuries to their reputations as well as to "their rights to attend National Team matches, their right to comingle with colleagues and friends in the football soccer industry, and their right of free association." Id. at 3.

Accordingly, Plaintiffs seek injunctive relief preventing co-defendant FPF and its officers from violating Plaintiffs' rights to attend "soccer events throughout the Commonwealth of Puerto Rico, and wherever else the National Team, or another Federation-affiliated team, may compete." Id. at 6. Plaintiffs maintain that they are likely to prevail on the merits of their claims because FPF allegedly acted "without a valid legitimate basis or reason" and because its actions constitute violations to Jusino and Méndez's rights to "free speech, association and equal rights." Id. at 4.

## II. DISCUSSION

Preliminary injunctions are "extraordinary and drastic" remedies "that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). The purpose of a preliminary injunction "is to preserve the status quo, freezing an existing situation" and to prevent irreparable harm, thereby affording courts the opportunity to fully adjudicate the case on the merits. CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc., 48 F.3d 618, 620 (1st Cir. 1995). A party seeking a preliminary injunction must make a clear showing that: (1) they have a substantial likelihood of success on the merits; (2) they face a significant potential

for irreparable harm if their request is denied; (3) the issuance of an injunction will not impose more of a burden on the nonmovant than its absence will impose on the movant; and (4) the granting of prompt injunctive relief will promote (or, at least, not denigrate) the public interest. McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir. 2001); *see also* Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).

As both these elements and the purpose of a preliminary injunction suggest, **"a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."** Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (emphasis added). In fact, because "[a] court's equitable power lies only over the merits of the case or controversy before it[,] **[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction**." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) (emphasis added). *See also* Adair v. England, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("Even when a motion for a preliminary injunction is predicated on a complaint, if the motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion. When the motion is based on facts closely related to the facts in the complaint, however, the court may have jurisdiction

to review a motion for preliminary relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a).").

In the case at bar, Plaintiffs failed to establish a relationship between the injury identified in the *Motion* and the conduct outlined in the operative complaint. The alleged irreparable harm is interference with Jusino and Méndez's (*i.e.*, individual members of plaintiff FBNET) right to free association, right to comingle with colleagues, and right to attend soccer matches, as well as damage to their reputations. (Docket No. 64 at 3). These injuries are wholly distinct from the operative complaint and the claims of monopolistic activity, fraud, abuse of power, breach of fiduciary duty, tortious interference, and negligence against Defendants. (Docket No. 33).

In their *Reply*, Plaintiffs posit that by expelling FBNET members from a match, FPF "engaged in racketeering activity by committing another sanctionable predicate act, relating to retaliating against a witness, victim, or an informant, as contemplated within 18 U.S.C. § 1513." (Docket No. 68 at 2). Even assuming *arguendo* that the expulsion was retaliatory, 18 U.S.C. § 1513 exclusively governs specific retaliatory actions against witnesses, victims, and informants such as killing, causing bodily injury, damaging tangible property, and/or attempting to do any of the three. 18 U.S.C. § 1513 is facially inapplicable to the conduct alleged in the *Motion*. Thus, Plaintiffs' reference to this statute

is nonsensical. Furthermore, courts have repeatedly found that they lack jurisdiction over motions for injunctive relief "where only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit." Adair, 193 F. Supp. 2d at 201 (D.D.C. 2002) (citing Devose, 42 F.3d at 471; Stewart v. U.S. Immigr. and Naturalization Serv., 762 F.2d 193, 198–99 (2d Cir. 1985).

### III. CONCLUSION

Considering the foregoing, the Court **DENIES** Plaintiffs' *Emergency Motion for Injunctive Relief* at Docket No. 64.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of January 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge