**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PUERTO RICO SOCCER LEAGUE NFP, CORP., ET AL<br><br>**Plaintiffs**<br><br>v.<br><br>FEDERACIÓN PUERTORRIQUEÑA DE FUTBOL, ET AL<br><br>**Defendants** | **CIVIL NO. 23-1203 (RAM)** |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is co-defendant Confederation of North, Central, and Caribbean Association Football's ("CONCACAF") *Motion to Dismiss* ("*Motion*" or "*Motion to Dismiss*"), as well as the corresponding opposition, reply, and surreply. (Docket Nos. 98, 106, 107, 114, and 118). CONCACAF seeks dismissal of the totality of Plaintiffs' claims against it, namely: violations of section 1 of the Sherman Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as tortious interference with a contract, abuse of process, and breach of fiduciary duty under Puerto Rico law.

On September 30, 2024, the Court issued an Opinion and Order describing the procedural background of this case and granting in part a motion to dismiss by co-defendants Federación Puertorriqueña de Fútbol, Inc. ("FPF") and its directors. (Docket

No. 129). Specifically, the Court dismissed Plaintiffs' RICO and Puerto Rico law claims as to FPF and its directors. The Court adopts that Opinion and Order in its entirety for the purposes of the present *Motion*.

Regarding Plaintiffs' RICO Act and commonwealth-law claims, the Court notes Plaintiffs have not alleged any violation by CONCACAF that they did not also raise against FPF or its directors. As discussed at length in the Opinion and Order at Docket No. 129, Plaintiffs failed to adequately allege a claim under RICO or Puerto Rico law. Given this, the Court **GRANTS** CONCACAF's *Motion to Dismiss* as it relates to Plaintiffs' RICO Act claims and Plaintiffs' commonwealth-law claims. Plaintiffs' RICO Act claims and commonwealth-law claims against CONCACAF are **DISMISSED WITH PREJUDICE**.

As to Plaintiffs' claim under the Sherman Act, CONCACAF argues Plaintiffs' section 1 claim should be dismissed because the *Complaint* lacks allegations specific to CONCACAF and fails to plead concerted action or agreement. CONCACAF also emphasizes that FPF, not CONCACAF, has primary responsibility for choosing which leagues or clubs to sanction. (Docket No. 98 at 13-17). The Court addresses each these arguments in turn.

**First**, Plaintiffs specifically allege CONCACAF complies with FIFA's tournament-participation policy, i.e., the rule that

prohibits FIFA-affiliated clubs or players from participating in non-sanctioned events. *See* (Docket No. 33 at 7) (alleging "[t]he Confederation that covers Puerto Rico" is CONCACAF); id. at 9 ("To be affiliated with FIFA, all Confederations . . . must comply with FIFA's rules . . . ."); *see also* id. at 44. The allegation that CONCACAF complies with the tournament-participation policy is plausible in light of Plaintiffs' allegation that "regional Confederations assist FIFA in enforcing its policies and rules within their regions." Id. at 7.

**Second**, Plaintiffs "challenge[] a specific policy" -- "the rule that all league tournaments must be sanctioned by the National Association in whose territory the match will be played." Relevent Sports, LLC v. U.S. Soccer Fed'n, Inc., 61 F.4th 299, 307, 309 (2d Cir. 2023); (Docket No. 33 at 10). Plaintiffs' allegations that "all Confederations, National Associations, leagues, clubs, referees, game commissioners, venue mangers, and players must comply" with this policy suggests it is both binding and promulgated. (Docket No. 33 at 10); Relevent Sports, LLC, 61 F.4th at 307, 309.

**Third**, because Plaintiffs challenge this rule itself as anticompetitive, (Docket No. 33 at 44), their allegation that CONCACAF complies with it is enough to plead concerted action, even apart from Plaintiffs' separate averment of a policy limiting

the number of sanctioned leagues in Puerto Rico. *See* id. Thus, CONCACAF's assertions that FPF has primary responsibility over membership and that no FIFA or CONCACAF policy prohibits recognition of more than one league are beside the point.

For these reasons, including those contained in the Court's Opinion and Order at Docket No. 129, the Court **DENIES** CONCACAF's *Motion to Dismiss* as it relates to Plaintiffs' Sherman Act claim.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of October 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge