IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Puerto Rico Soccer league NFP Corp., Joseph Marc Serralta Ives, Maria Larracuente, Jose R. Olmo-Rodriguez, and Futbol Boricua (FBNET), Inc., <br><br> *Plaintiffs*, <br><br> v. <br><br> Federación Puertorriqueña de Futbol, Inc., Iván Rivera-Gutierrez, José "Cukito" Martinez, Gabriel Ortiz, Luis Mozo Cañete, Fédération Internationale de Football Association (FIFA), and Confederation of North, Central America and Caribbean Association Football (CONCACAF, <br><br> *Defendants*. | CIVIL ACTION NO. 23-1203 (RAM) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

TO THE HONORABLE COURT:

COME NOW Plaintiffs Puerto Rico Soccer League NFP Corp. ("PRSL"), Joseph Marc Serralta Ives, Maria Larracuente, José R. Olmo-Rodríguez, and Futbol Boricua (FBNET), Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, and respectfully submit this Response in Opposition to the Defendants' Joint Motion to Disqualify Plaintiffs' Counsel Ibrahim Reyes-Gándara ("Mr. Reyes") and José R. Olmo-Rodríguez ("Mr. Olmo") (Dkt. No. 164, filed March 6, 2025). For the reasons set forth below, rooted in controlling First Circuit precedent, Defendants' Motion should be denied.

1

## I. INTRODUCTION

Defendants seek to disqualify Plaintiffs' counsel, alleging conflicts under Model Rules 1.7 and 3.7 due to Mr. Olmo's status as a plaintiff and Mr. Reyes's alleged prior role with PRSL. This Motion is a strategic effort to derail Plaintiffs' claims under the Sherman Antitrust Act—claims exposing Defendants' monopolistic practices since 2019 (Third Amended Complaint ("TAC"), Dkt. No. 33, ¶¶ 47-59). The First Circuit has long cautioned against such motions as "a technique of harassment," *Fiandaca v. Cunningham*, 827 F.2d 825, 829 (1st Cir. 1987), and demands a "high standard" for disqualification, *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984). Defendants fail this standard, mischaracterizing facts and ignoring Plaintiffs' right to counsel of choice. The Motion should be rejected.

## II. LEGAL STANDARD

The First Circuit views disqualification as an "extreme sanction" that "should be employed only after careful consideration." *Culebra Enters. Corp. v. Rivera-Ríos*, 846 F.2d 94, 97 (1st Cir. 1988). A party's choice of counsel is a "valued right," particularly in civil cases, and courts must balance it against ethical concerns with "scrupulous care." *Kevlik*, 724 F.2d at 850; *see also Estrada v. Cabrera*, 632 F.2d 1007, 1012 (1st Cir. 1980) (disqualification "not lightly granted"). This Court applies the ABA Model Rules via Local Rule 83E(a), but speculative conflicts do not suffice—Defendants must show a "clear and convincing" violation that threatens judicial integrity. *Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc.*, 903 F. Supp. 253, 256 (D.P.R. 1995); *see also In re Grand Jury Proceedings*, 859 F.2d 1021, 1026 (1st Cir. 1988) (requiring "actual prejudice" over "mere possibility"). The First Circuit's rigorous approach governs here, and Defendants' arguments crumble under its scrutiny.

# III. ARGUMENT

**A. Mr. Olmo's Dual Role as Plaintiff and Counsel Does Not Warrant Disqualification**

Defendants contend that Mr. Olmo's status as a named plaintiff and counsel violates Model Rules 1.7 (conflict of interest) and 3.7 (lawyer as witness). First Circuit precedent refutes their claims and preserves Mr. Olmo's representation at this stage.

   1. **No Conflict Exists Under Model Rule 1.7**

Model Rule 1.7(a)(2) prohibits representation where a lawyer's personal interests create a "significant risk" of "materially limit[ing]" client advocacy. Defendants assert that Mr. Olmo's plaintiff status conflicts with his representation of co-plaintiffs (Dkt. No. 164 at 10-11), but this argument lacks the concrete evidence the First Circuit demands. In *Estrada v. Cabrera*, the court upheld counsel's representation despite alleged conflicts, finding no "actual showing" of divided loyalty. 632 F.2d at 1012. Here, Mr. Olmo's interests—redressing Defendants' exclusion of Pumas and himself (TAC, Dkt. No. 33, ¶¶ 91-142)—align seamlessly with his co-plaintiffs' goals of dismantling Defendants' monopolistic scheme since 2019 (id. ¶¶ 47-59, 169). Defendants' speculation about potential harm to other plaintiffs (Dkt. No. 164 at 2-3) is insufficient; the First Circuit requires "specific instances" of conflict, not "hypothetical scenarios." Fiandaca, 827 F.2d at 829.

Mr. Olmo's dual role is further protected by 28 U.S.C. § 1654, which the First Circuit recognizes as a "fundamental" right to self-representation. See *Herrera-Venegas v. Sánchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (statute ensures litigants "may conduct their own cases"). Extending this right to represent aligned co-plaintiffs poses no ethical breach absent prejudice, which Defendants

fail to demonstrate. See *Kevlik*, 724 F.2d at 850 (disqualification unwarranted without "demonstrable detriment"). Defendants' claim of lacking informed consent (Dkt. No. 164 at 11) is meritless—co-plaintiffs jointly retained Mr. Olmo (Dkt. No. 33 at 58-59), and the First Circuit does not permit opposing parties to "second-guess" such choices absent clear abuse. *In re Grand Jury Proceedings*, 859 F.2d at 1026. Even if consent were in doubt, "informed consent" cures Rule 1.7 conflicts, and no First Circuit case mandates disqualification here. See *Culebra Enters*., 846 F.2d at 99 (ethical rules "flexible" where no systemic harm).

2. **Model Rule 3.7 Does Not Require Disqualification at This Stage**

Model Rule 3.7(a) bars a lawyer from advocating at trial if "likely to be a necessary witness," unless exceptions apply (e.g., no "substantial hardship"). Defendants argue Mr. Olmo's knowledge of Pumas' exclusion makes him a trial witness (Dkt. No. 164 at 5, 10-12). The First Circuit, however, limits Rule 3.7's reach to trial, not pretrial stages, and rejects premature disqualification. In *Culebra Enterprises Corp. v. Rivera-Ríos*, the court held that a lawyer-witness may continue pretrial representation, with disqualification deferred until "actual necessity" is shown. 846 F.2d at 99-100. Here, discovery has barely begun (Dkt. No. 164 at 4 n.1), and whether Mr. Olmo's testimony is "necessary"—versus cumulative to other witnesses like Serralta or others (Dkt. No. 147 at 9-10)—remains untested. See id. at 100 (necessity assessed "in light of available alternatives").

The First Circuit also permits practical solutions, such as substituting trial counsel, to avoid disruption. Id. at 100 n.8 (Rule 3.7 does not condone "visible association" at trial but allows pretrial roles). Plaintiffs have pledged to engage additional counsel if needed (Dkt. No. 164, Ex. F at 2), aligning with this precedent and preserving judicial integrity. Defendants' demand for immediate

disqualification (Dkt. No. 164 at 12-13) defies *Culebra Enterprises* and oversteps Rule 3.7's scope, which the First Circuit applies "narrowly" to avoid "tactical misuse." *Fiandaca*, 827 F.2d at 829.

### 3. Privilege Concerns Are Speculative and Unavailing

Defendants raise privilege "gamesmanship" fears (Dkt. No. 164 at 11-12), but the First Circuit dismisses such concerns absent "actual prejudice." *In re Grand Jury Proceedings*, 859 F.2d at 1026. Mr. Olmo's attorney-client communications are privileged under Fed. R. Evid. 502, while his plaintiff-related communications are discoverable—a distinction courts manage routinely. See id. at 1025 (privilege issues resolved "case-by-case," not preemptively). Defendants offer no evidence of misuse, only conjecture, which the First Circuit deems insufficient. *Estrada*, 632 F.2d at 1012 (disqualification requires "tangible harm," not "theoretical risks").

## B. Mr. Reyes's Alleged Prior Role with PRSL Does Not Justify Disqualification

Defendants allege Mr. Reyes's 2018 alleged role as PRSL's COO and alleged "owner" status trigger Rules 1.7 and 3.7 conflicts (Dkt. No. 164 at 13-15). First Circuit caselaw undermines their position.

### 1. No Material Conflict Under Rule 1.7

Defendants claim Mr. Reyes's past PRSL involvement creates a "proprietary interest" (Dkt. No. 164 at 13). The TAC identifies Serralta as PRSL's owner (Dkt. No. 33, ¶ 8), and Mr. Reyes's 2018 COO role (Dkt. No. 164, Exs. C, D) predates the 2019 monopolistic acts at issue (Dkt. No. 33, ¶¶ 47-59). His current titles—Co-Chair and General Counsel (Dkt. No. 164, Ex. F at 3)—align with PRSL's interests, not against them. The First Circuit requires a "specific showing" of conflicting interests, not mere affiliation. *Kevlik*, 724 F.2d at 850. Defendants provide no evidence of an ongoing financial stake or divergence from co-plaintiffs' goals, rendering their Rule 1.7 claim

"wholly speculative." *Fiandaca*, 827 F.2d at 829. Mr. Reyes's soccer expertise bolsters his advocacy, consistent with the First Circuit's view that personal involvement does not inherently impair loyalty. See *Culebra Enters.*, 846 F.2d at 99 (ethical rules prioritize "practical outcomes" over rigid bans).

### 2. Rule 3.7 Is Inapplicable at This Stage

Defendants assert Mr. Reyes's "personal knowledge" from 2018 makes him a necessary witness (Dkt. No. 164 at 5-6, 14). The TAC targets Defendants' post-2019 conduct (Dkt. No. 33, ¶¶ 47-59), and Mr. Reyes's vague February 13, 2025, statement about "organized football" (Dkt. No. 164 at 5) does not establish unique insight into these events. The First Circuit demands "actual necessity" for Rule 3.7 disqualification, not "potential relevance." *Culebra Enters.*, 846 F.2d at 100. Other witnesses, PRSL's owner Serralta, particularly, can address 2019-2023 facts (Dkt. No. 147 at 9-10), and discovery may obviate Mr. Reyes's testimony. See *id.* (disqualification deferred until necessity is "clearly established"). The First Circuit's preference for delay over preemptive action controls here. *Fiandaca*, 827 F.2d at 830 (early disqualification "unduly punitive" without evidence).

### 3. No Evidence of Misrepresentation Under Rule 8.4

Defendants accuse Mr. Reyes of dishonesty for denying his alleged COO role (Dkt. No. 164 at 14 n.9). He clarified his current roles as Co-Chair and CLO (Dkt. No. 164, Ex. F at 3), consistent with the TAC. The First Circuit requires "intentional deceit" for Rule 8.4 violations, not mere discrepancies. *In re Grand Jury Proceedings*, 859 F.2d at 1025. Defendants' insinuation lacks proof and relevance, given the 2018-2019 timeline gap.

### C. Disqualification Would Impose Substantial Hardship to Plaintiffs

Rule 3.7(a)(3) exempts disqualification if it causes "substantial hardship." The First Circuit interprets this broadly to protect clients from "unnecessary disruption." *Kevlik*, 724 F.2d at 851. Plaintiffs have relied on Mr. Olmo and Mr. Reyes for over two years (Dkt. No. 33, filed Sept. 5, 2023), navigating complex claims against Defendants' entrenched power (Dkt. No. 33, ¶¶ 47-154). Replacing them now, with discovery pending (Dkt. No. 164 at 4 n.1), would delay justice and strain Plaintiffs' resources—particularly PRSL, Olmo, and Futbol Boricua, already economically harmed (Dkt. No. 33, ¶¶ 57-59, 142, 153). Defendants' stay offer (Dkt. No. 164 at 13) does not mitigate this burden, which the First Circuit seeks to avoid. *Culebra Enters.*, 846 F.2d at 100 (hardship weighs heavily against disqualification).

**D. Defendants' Motion Is a Strategic Ploy**

The First Circuit warns against disqualification as a "weapon" to "gain a tactical advantage." *Fiandaca*, 827 F.2d at 829. Filed on March 6, 2025—amid discovery disputes (Dkt. No. 164 at 4 n.1)—this Motion exploits issues known since the TAC's filing (Dkt. No. 33). Such delay signals bad faith, which the First Circuit condemns. *Estrada*, 632 F.2d at 1012 (late motions "viewed skeptically"). Defendants' history of obstruction (Dkt. No. 33, ¶¶ 108-15) reinforces this inference, warranting denial.

## IV. CONCLUSION

Under First Circuit precedent, Defendants' Motion fails. No "clear and convincing" Rule 1.7 conflict exists (*Kevlik*, 724 F.2d at 850), Rule 3.7 is premature (*Culebra Enters.*, 846 F.2d at 99), and disqualification would unduly prejudice Plaintiffs (*Fiandaca*, 827 F.2d at 829). The Court should deny the Motion and safeguard Plaintiffs' right to counsel.

WHEREFORE, Plaintiffs request that the Court DENY Defendants' Joint Motion to Disqualify Plaintiffs' Counsel (Dkt. No. 164) and award Plaintiffs their costs and fees for opposing this Motion, plus any further relief deemed just and proper.

**DATED** this 10th day of March, 2025.

                Respectfully submitted,

                */s/ José R. Olmo-Rodríguez*
                José R. Olmo-Rodríguez
                USDC PR 213405
                261 Ave. Domenech, SJ PR 00918
                787.758.3570/jrolmo1@gmail.com

                /s/ *Ibrahim Reyes*
                Ibrahim Reyes Gándara
                Florida Bar No. 581798
                REYES LAWYERS, P.A.
                236 Valencia Avenue
                Coral Gables, FL 33134
                Tel. 305-445-0011
                Fax. 305-445-1181
                Email: ireyes@reyeslawyers.com
                Admitted *pro hac vice*

                *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed this document with the Clerk of Court using CM/ECF/PACER, which will send a notice of such filing to all attorneys of record in this case.

                */s/ Jose R. Olmo-Rodríguez*
                José R. Olmo-Rodríguez, Esquire

                */s/ Ibrahim Reyes*
                Ibrahim Reyes, Esquire