# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| |
|---|
| PUERTO RICO SOCCER LEAGUE NFP CORP., a Puerto Rico for profit corporation, JOSEPH MARC SERRALTA IVES, MARIA LARRACUENTE, JOSE R. OLMO-RODRIGUEZ, FUTBOL BORICUA (FBNET), Inc., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERACIÓN PUERTORRIQUEÑA DE FÚTBOL, INC., IVÁN RIVERA-GUTIÉRREZ, JOSÉ "CUKITO" MARTINEZ, GABRIEL ORTIZ, LUIS MOZO CAÑETE, JOHN DOE 1-18, INSURANCE COMPANIES A, B, C, FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION ("FIFA"), and CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL (CONCACAF), <br><br> Defendants. |

## FPF DEFENDANTS' REPLY *TO PLAINTIFFS' SUPPLEMENT TO RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR ENTRY OF A PROTECTIVE AND CONFIDENTIALITY ORDER AND RULE 502(d) ORDER*

**TO THE HONORABLE COURT:**

   **COME NOW** Defendants Federación Puertorriqueña de Fútbol, Inc. ("FPF"), Iván Rivera-Gutierrez, José "Cukito" Martinez, Gabriel Ortiz, Luis Mozo Cañete (collectively, where appropriate, the "FPF Defendants"), through undersigned counsel, and hereby submit this Response to *Plaintiffs' Supplement to their Response in Opposition to Defendants' Joint Motion for Entry of a Protective and Confidentiality Order and Rule 502(d)  Order* ("Supplement") filed at ECF No. 177:

1

1.      On March 13, 2025, Plaintiffs filed the *Supplement* claiming witness intimidation involving one of Plaintiffs' witnesses Lionel "Perdon" Simonetti. In their motion, Plaintiffs argue that this justifies flexibility in their witness list, thus opposing *Defendants' Joint Motion for Protective Order Limiting the Scope of Discovery* and the proposed 15-witness cap. *See* **ECF No. 169** at p. 3-4 and 11-12.

2.      Plaintiffs' *Supplement* is a transparent attempt to inject unsupported allegations into the record in order to justify an excessive and burdensome witness list. Their claims rely entirely on a hearsay account of an alleged incident involving one of their proposed witnesses without any direct testimony or admissible evidence. Such vague and unsubstantiated allegations should not serve as a basis to prevent the Court from imposing reasonable witness limitations.

3.      As a threshold matter, Plaintiffs fail to provide specific details about the alleged intimidation, including the identity of the individual purportedly acting on behalf of Defendants or the precise statements made to Mr. Simonetti. Broad and conclusory assertions are insufficient to warrant judicial intervention.

4.      Simply put, the *Supplement* fails to satisfy Rule 7(b)(1) particularity requirement. The First Circuit has recognized that Rule 7 is "designed 'to afford notice of the grounds and prayer of the motion to both the court and the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly.'" *Cambridge Plating Co., v. Napco* Inc., 85 F. 3d 752, 760 (1st Cir. 1996) (citing *Registration Control Sys., Inc. v. Compusystems, Inc*., 922 F, 2d 805, 808 (Fed. Cir. 1990).

5.      Furthermore, the sole evidence supporting Plaintiffs' claims consists of secondhand statements attributed to Mr. Simonetti. The distress allegedly expressed by Mr. Simonetti to Plaintiff María Larracuente is an **indirect** report and constitutes hearsay. The Federal Rules of

Evidence define hearsay as statements that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801   Hearsay statements are presumed inadmissible unless within an exception provided by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

6.      Plaintiffs' allegations are inadmissible and unsubstantiated. Plaintiffs have <u>not</u> submitted an affidavit from Mr. Simonetti himself, nor any corroborating testimony from an independent source. Instead, they rely on a phone log of a call between Mr. Simonetti and Plaintiff María Larracuente, which at best, simply confirms that a conversation occurred, **<u>not</u>** that any sort of intimidation took place.

7.      As established in *Defendants' Joint Motion for Protective Order Limiting the Scope of Discovery* at ECF No. 169, Plaintiffs have identified an extensive list of **<u>68</u>** potential witnesses, which is excessive and unduly burdensome. *See* **ECF No. 169** at p. 3-4, and 11-12. Plaintiffs' attempt to expand their witness list to such an extent is unjustified. Thus, Defendants have requested a protective order to, *inter alia,* limit Plaintiffs to no more than 15 trial witnesses. *Id.*

8.      Courts have broad discretion to limit the number of trial witnesses to ensure efficiency and prevent unnecessary duplication. *See* Fed. R. Civ. P. 26(b)(1). The First Circuit has consistently recognized that while discovery is generally broad, district courts have substantial discretion to impose reasonable limitations. See for example, *Ayala-Gerena v. Bristol Myers-Squibb Co.,* 95 F.3d 86, 91 (1st Cir. 1996) (noting that appellate courts will not disturb a district court's discovery order absent a "clear showing of manifest injustice")

9.      With the *Supplement*, Plaintiffs fail to show a genuine risk of witness unavailability justifying an extensive list of witnesses.  Even assuming for the sake of the argument that one

witness was allegedly pressured, Plaintiffs provide **no** evidence that others face the same risk. Speculative concerns about potential witness intimidation do not justify an unlimited witness list. *See Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (9th Cir. 1991 (prohibiting discovery beyond the record based on "purely speculative" concerns).

10.     Defendants' motion to limit Plaintiffs to 15 witnesses is reasonable and necessary to ensure a fair and efficient trial. The proposed limitation is not arbitrary but is intended to streamline the trial process and avoid undue burden.

11.     Furthermore, as with previous motions filed by Plaintiffs, the *Supplement* contains insufficient, or erroneous citations that once again suggests the negligent use of artificial intelligence. Citations in the *Supplement* do not support the arguments raised. For example, the *Supplement* cites *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1346 (5th Cir. 1978) and *Anderson v. Cryovac, Inc*., 805 F.2d 1, 7 (1st Cir. 1986) and attributes quotations to those cases that are simply **absent**. Thus, arguments raised by Plaintiffs lack any proper legal support and warrant sanctions. *See* **ECF No. 179** and **181**.

12.     In their March 20, 2025, *Memorandum to Show Cause*, Plaintiffs allege that these deficiencies are human citation errors. However, a pattern of references to fictitious caselaw and non-existent direct quotes is evident throughout Plaintiffs' motions and even in out of court communications received from Plaintiffs' Counsel. This pattern is so pervasive that it cannot be explained as mere human error, but as either a product of generative artificial intelligence hallucinations or a deliberate by Plaintiffs to misguide the Court in violation of their duties under the ABA Model Rules of Professional Conduct, M.R. 3.3, and the Federal Rules of Civil Procedure, Rule 11(b). *See* **ECF Nos. 174-177, 190**.

13.    Additionaly, Plaintiffs' reliance on Local Rule 83E as a basis for their allegations of misconduct is entirely misplaced. Rule 83E explicitly governs the professional conduct of attorneys admitted or permitted to practice before this Court. It does not extend to parties, witnesses, or other non-attorney individuals involved in litigation.

14.    Rule 83E(a) states: "[e]ach attorney admitted or permitted to practice before this court shall comply with the standards of professional conduct required by the Model Rules of Professional Conduct (the 'Model Rules'), adopted by the American Bar Association, as amended, and the Code of Pretrial and Trial Conduct […]".The Rule explicitly applies to "attorneys admitted or permitted to practice before this court," making clear that it does **not** govern parties, corporate representatives, or third-party individuals.

15.    Plaintiffs attempt to apply ABA Model Rule 4.4(a) (which prohibits attorneys from conduct that has no substantial purpose other than to "embarrass, delay, or burden a third person"), but Rule 83E adopts ABA Model Rules as an ethical standard for attorneys, not parties or their representatives.

16.    Plaintiffs claim that an **unnamed individual**, allegedly acting on behalf of FPF, approached Mr. Simonetti. However, they do not assert that this individual was one of the attorneys representing Defendants in the instant case. Therefore, their argument under the cited rules fails.

17.    In sum, Plaintiffs' Supplement is a baseless attempt to circumvent reasonable limitations on their witness list by introducing unsubstantiated allegations of witness intimidation. Their reliance on hearsay and misapplied legal standards only underscores the lack of evidentiary support for their claims. Plaintiffs have failed to meet the requisite burden to justify any deviation from the proposed 15-witness cap, and their allegations should not serve as a basis for unwarranted

procedural accommodations. Moreover, their continued submission of misleading and erroneous citations further undermines the credibility of their arguments and warrants appropriate sanctions.

**WHEREFORE,** Defendants respectfully request that this Court to strike Plaintiffs' *Supplement* as unsupported and procedurally improper, and consequently grant *Defendants' Joint Motion for Protective Order Limiting the Scope of Discovery* at ECF No. 168, along with any further relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 24th day of March 2025.

**WE HEREBY CERTIFY**, that on this same date the foregoing Answer was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**ADSUAR MUÑIZ GOYCO
SEDA & PÉREZ-OCHOA, P.S.C.**
PO BOX 70294
San Juan, PR 00936-8294
Telephone: 787.756.9000
Fax:  787.756.9010

*/s/Edwin Seda-Fernández*
Edwin J. Seda-Fernández
USDC-PR No. 205212
Email:  seda@amgprlaw.com

*/s/Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206314
Email:  epo@amgprlaw.com

*/s/Alexandra C. Casellas Cabrera*
Alexandra Casellas Cabrera
USDC-PR No. 301010
Email: acasellas@amgprlaw.com

*/s/Andrés Daniel Santiago López*
Andrés D. Santiago-López
USDC-PR No. 309508
Email: asl@amgprlaw.com

*Attorneys for the FPF Defendants*