```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| PUERTO RICO SOCCER LEAGUE NFP, CORP., ET AL<br><br>**Plaintiffs**<br><br>v.<br><br>FEDERACIÓN PUERTORRIQUEÑA DE FUTBOL, ET AL<br><br>**Defendants** | CIVIL NO. 23-1203 (RAM) |

**MEMORANDUM & ORDER**

Pending before the Court is Defendants' *Joint Motion to Disqualify Plaintiffs' Counsel and Memorandum of Law in Support thereof* (the "*Motion*"). (Docket No. 164). For the reasons outlined below, Defendants' *Motion* is **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND**

Defendants seek disqualification of Plaintiffs' counsel, José R. Olmo-Rodríguez ("Mr. Olmo") and Ibrahim Reyes-Gándara ("Mr. Reyes"), pursuant to the Model Rules of Professional Conduct 1.7 and 3.7. (Docket No. 164). Defendants allege that Mr. Olmo simultaneously being named plaintiff, counsel, and witness for Plaintiffs are sufficient grounds for his disqualification Id. at 10-13. As for Mr. Reyes, Defendants contend that he has a conflict of interest because he has served as owner, Co-Chair, Chief Operating Officer, and General Counsel of co-plaintiff Puerto Rico

Soccer League ("PRSL"). Id. at 13-14. Furthermore, Defendants argue that Mr. Reyes may be a witness, which also requires disqualification. Id. at 13-15.

Plaintiffs filed a *Response in Opposition* asserting that disqualification is not warranted in this case.[1] (Docket No. 174). Plaintiffs allege that Mr. Olmo has a fundamental right to self-representation and that "[e]xtending this right to represent aligned co-plaintiffs poses no ethical breach absent prejudice[.]" Id. at 3. Plaintiffs clarify that Mr. Reyes' Chief Operating Officer role predates the alleged monopolistic acts at issue and that his current position as Co-Chair and General Counsel align with Plaintiffs, thus there is no conflict. Id. at 5. Plaintiffs maintain that disqualification under Model Rule 3.7, which provides that a lawyer cannot advocate at a trial in which they are likely to be a necessary witness, is inapplicable at this stage, given that it is unclear whether Mr. Olmo or Mr. Reyes will be necessary witness at trial, and in any event, they can assist with pre-trial advocacy. Id. at 4-6.

## II. DISCUSSION

Attorneys admitted or permitted to practice before the United States District Court for the District of Puerto Rico must comply

---

[1] The Court notes that Plaintiffs' *Response in Opposition* relied heavily on (a) citations to cases that were nonexistent; to quotes that were not in the body of the case cited, or that were otherwise inaccurate. Nevertheless, the Court reviews Defendants' *Motion* on the merits.

with the Model Rules of Professional Conduct adopted by the American Bar Association. L. CV. R. 83E(a). Defendants argue that disqualification of Plaintiffs' counsel is proper under Model Rules 1.7 and 3.7.

Model Rule 1.7 establishes that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Per this rule, a concurrent conflict of interest exists if "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." However, despite the existence of a concurrent conflict of interest, a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

On the other hand, Model Rule 3.7 titled "lawyers as witness" provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> > (1) the testimony relates to an uncontested issue;
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> > (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

### A. Disqualification of Mr. Olmo is proper

Contrary to Plaintiffs' contentions, "there is no right to hybrid representation in federal courts." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (citations omitted). The First Circuit has held that "[a]party has a right to represent himself or to be represented by an attorney, **but he cannot have it both ways**." Id. (emphasis added). Although district courts have discretion to occasionally permit hybrid representation, "[s]uch largesse is, however, to be dispensed sparingly." Id. (citing United States v. Nivica, 887 F.2d 1110, 1121-22 (1st Cir. 1989)).

While disqualification should not be granted lightly, the Court finds that Mr. Olmo should not be an exception to the general rule against hybrid representation. Mr. Olmo is a named plaintiff and is identified as one of Plaintiffs' factual witnesses in the Joint Case Management Memorandum. (Docket No. 147 at 9-10).

Accordingly, the Court **GRANTS** Defendants' request for disqualification of Mr. Olmo.

### B. Disqualification of Mr. Reyes is improper at this juncture

Unlike Mr. Olmo, Mr. Reyes is not identified as a factual witness by Plaintiffs. Although Mr. Reyes may have personal knowledge of key factual allegations, as alleged by Defendants, that does not mean he is a "necessary witness" under Model Rule 3.7. A lawyer is deemed a necessary witness "when the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere." P.R. Horse Owners Ass'n, Inc. v. Gaming Comm'n of Gov't of P.R., No. 24-01194, 2024 WL 3580629, at *1 (D.P.R. July 30, 2024) (quoting Deetz Fam., LLC v. Rust-Oleum Corp., 16-10790, 2018 WL 5555070, at *1 (D.Mass. Oct. 29, 2018)). The party seeking disqualification has the burden of showing that the lawyer is likely to be a necessary witness. Id. The Court finds that Defendants have not met this burden at this juncture and thus disqualification would be premature. However, "if it later becomes likely" that Mr. Reyes "is the only individual with relevant knowledge[,]" Defendants' "renewal of their motion will be in order, but only to prevent him from acting as advocate at trial." Standard Quimica De Venez., C.A. v. Cent. Hispano Int'l, Inc., 179 F.R.D. 64, 66 (D.P.R. 1998).

The Court similarly finds that at this juncture, Defendants have not articulated, and the Court has not found, a specific, tangible conflict of interest between Mr. Reyes and PRSL' co-plaintiffs that would require disqualification under Rule 1.7. *See e.g.*, Hill v. Culebra Conservation & Dev. Auth., 599 F.Supp. 2d 88, 92 (D.P.R. 2009)("The court should closely review the parties' submissions to determine whether there is an actual conflict of interest between the parties."); Combustion Eng'g Caribe, Inc. v. George P. Reintjes Co., 298 F.Supp. 2d 215, 221 (D.P.R. 2003)("Even though at first blush it might appear" that a conflict of interest exists "upon a closer examination of the particular interests of [the parties at issue] it would seem rather that their stakes and concerns place them on common grounds[.]").

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' *Joint Motion to Disqualify Plaintiffs' Counsel and Memorandum of Law in Support thereof* at Docket No. 164. Attorney José R. Olmo-Rodríguez is hereby disqualified in this case.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April 2025.

                                           s/ Raúl M. ARIAS-MARXUACH
                                           United States District Judge