**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PUERTO RICO SOCCER LEAGUE NFP, CORP., et al., <br><br> **Plaintiffs**, <br><br> v. <br><br> FEDERACIÓN PUERTORRIQUEÑA DE FUTBOL, et al., <br><br> **Defendants.** | **CIVIL NO. 23-1203 (RAM)** |

<u>**MEMORANDUM & ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is co-plaintiffs Puerto Rico Soccer League NFP, Corp. ("PRSL"); Maria Larracuente; Jose R. Olmo-Rodriguez; Joseph Marc Seralta-Ives; and Futbol Boricua, Inc.'s (collectively, "Plaintiffs") *Motion to Disqualify Counsel for the FPF Defendants and Memorandum of Law in Support Thereof* ("*Motion to Disqualify*"). (Docket No. 194). For the reasons outlined below, Plaintiffs' *Motion* is **DENIED**.

### I.   BACKGROUND

Plaintiffs seek to disqualify the law firm Adsuar Muñiz Goyco Seda & Pérez-Ochoa, PSC ("ADSUAR") and its lawyers Edwin J. Seda-Fernández, Eric Pérez-Ochoa, Alexandra Casellas Cabrera, and Andrés D. Santiago-López from representing co-defendants Federación Puertorriqueña de Fútbol, Inc. ("FPF") and Iván Rivera-Gutierrez, José Martínez, Gabriel Ortiz, and Luis Mozo Cañete (the

"FPF Directors"). In sum, Plaintiffs assert that disqualification is warranted under Model Rules 1.7, 1.9, and 1.10 because ADSUAR likely received confidential information that would prevent it from advocating impartially for both FPF and the FPF Directors, and these clients allegedly carry irreconcilable conflicts of interest that threaten the FPF Directors' Fifth Amendment Rights. Id. at 2-5. Plaintiffs point to various defenses raised by all Defendants which they argue could be used to shift blame from FPF to the FPF Directors, and vice versa, requiring ADSUAR to advocate for some clients at the cost of others. Id. at 4. Defendants filed a *Response in Opposition* asserting that disqualification is inappropriate because Plaintiffs provide deficient support for their arguments, no conflict exists between FPF and the FPF Directors, and the representation is permitted by the Model Rules of Professional Conduct. (Docket No. 203).

## II. DISCUSSION

Attorneys admitted or permitted to practice before the United States District Court for the District of Puerto Rico must comply with the Model Rules of Professional Conduct adopted by the American Bar Association. L. CV. R. 83E(a). Model Rule 1.13(g) states that "[a] lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents." This rule is subject to Model Rule 1.7, which bars lawyers from representing a client when a

concurrent conflict of interest would result, including situations where: (i) the representation of one client would be "directly adverse" to another client, or (ii) there is a "significant risk" that a lawyer's responsibilities to a client, former client, third party, or personal interest would materially limit that lawyer's representation of another client. Even if a concurrent conflict of interest exists, Model Rule 1.7(b) allows a lawyer to continue representing the client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.

Motions to disqualify are generally disfavored by the courts. *See* Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc., 903 F.Supp. 253, 256 (D.P.R. 1995) (citing Estrada v, Cabrera, 632 F.Supp. 1174, 1175 (D.P.R. 1986)). Disqualifying a party's chosen counsel is "a serious matter which could not be supported by the mere possibility of a conflict." Rivera Molina v. Casa La Roca, LLC, 546 F.Supp. 3d 108, 110 (D.P.R. 2021) (citation and internal quotation marks omitted). Courts should be particularly cautious

in deciding motions to disqualify "because they are often used for strategic purposes." Id. (citation omitted).

In the instant case, Model Rule 1.13(g) specifically endorses the joint representation ADSUAR is providing to FPF and the FPF Directors, provided ADSUAR complies with Model Rule 1.7. Assuming *arguendo* that a concurrent conflict does exist, ADSUAR still complies with Model Rule 1.7 because: (i) it believes its lawyers can provide competent and diligent representation to FPF and the FPF Directors; (ii) Plaintiffs do not dispute that this arrangement is permitted by law; (iii) FPF and the FPF Directors are not asserting claims against each other in the instant case; and (iv) the affected clients have provided written consent to ADSUAR for this type of representation. (Docket Nos. 203 and 203-3). ADSUAR is thus permitted to continue representing FPF and the FPF Directors under the Model Rules, even if for argument's sake Plaintiffs are correct in claiming a conflict exists under Model Rule 1.7.

Furthermore, Plaintiffs' arguments that a concurrent conflict exists are speculative and unpersuasive. Their perfunctory discussions of Model Rules 1.9 and 1.10 fail to provide sufficient grounds for disqualification. At this juncture, Plaintiffs have not articulated, and the Court has not found, a specific, tangible conflict of interest between FPF and the FPF Directors that would require disqualification under the Model Rules. *See e.g.*, Hill v.

Culebra Conservation & Dev. Auth., 599 F.Supp. 2d 88, 92 (D.P.R. 2009) ("The court should closely review the parties' submissions to determine whether there is an actual conflict of interest between the parties."). Disqualification on these grounds would be inappropriate.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' *Motion to Disqualify Counsel for the FPF Defendants and Memorandum of Law in Support Thereof* at Docket No. 194.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April 2025.

                                            s/Raúl M. Arias-Marxuach
                                            UNITED STATES DISTRICT JUDGE