**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PUERTO RICO SOCCER LEAGUE NFP, CORP., et al.,<br><br>**Plaintiffs**,<br><br>v.<br><br>FEDERACIÓN PUERTORRIQUEÑA DE FUTBOL, et al.,<br><br>**Defendants**. | **CIVIL NO. 23-1203 (RAM)** |

<u>**MEMORANDUM & ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

  Pending before the Court is co-defendants Federación Puertorriqueña de Fútbol, Inc. ("FPF"); Iván Rivera-Gutierrez; José "Cukito" Martínez; Gabriel Ortiz; Luis Mozo Cañete; John Doe 1-20; Insurance Companies ABC; Fédération Internationale De Football Association ("FIFA"); and Confederation of North, Central America and Caribbean Association Football's ("CONCACAF") (collectively, "Defendants") *Joint Motion for Entry of a Protective and Confidentiality Order and Rule 502(d) Order*. (Docket No. 169). Defendants request the Court issue their proposed Protective Order that: (i) implements a two-tiered system of confidentiality, divided into "Confidential" and "Highly Confidential— Attorneys' Eyes Only" categories to protect "competitively sensitive information"; (ii) limits the access of

two of Plaintiffs'[1] counsel to "Highly Confidential— Attorneys' Eyes Only" material; and (iii) preserves the parties' rights to invoke the Hague Evidence Convention and Swiss Penal Code during discovery. (Docket No. 169 at 2-4). Defendants also request the Court enter their proposed Rule 502(d) Order. (Docket No. 169-2). For the following reasons, Defendants' request is **GRANTED**.

First, Defendants' request for a standard two-tiered system of disclosure is reasonable given the context of Plaintiffs' antitrust claims and possibility the parties will disclose competitively sensitive information. (Docket No. 169 at 5-7). It stands to reason that no party wants its competitors to access its competitively sensitive information during discovery, and the system proposed by Defendants is a standard one. *See, e.g.*, Theidon v. Harvard Univ., 314 F.R.D. 333, 336 (D.Mass. 2016) (noting "attorneys' eyes only" disclosure is appropriate "only in limited circumstances," such as trade secret cases); Reese v. Liberty, 2019 WL 5549219, at *3 (D.Me. 2019) (using an "attorneys' eyes only" designation in a prisoner's excessive force suit); Koninklijke Phillips N.V. v. Amerlux, LLC, 167 F.Supp. 3d 270, 272 (D.Mass. 2016) (same in a patent infringement suit). The Court is not persuaded by Plaintiffs' claims that this system is unnecessary

---

[1] "Plaintiffs" applies to all co-plaintiffs, including Puerto Rico Soccer League NFP, Corp. ("PRSL"); Maria Larracuente; Jose R. Olmo-Rodriguez; Joseph Marc Seralta-Ives; and Futbol Boricua, Inc.

or unduly restrictive against the parties.[2] (Docket No. 176 at 3). Accordingly, the Court shall adopt Defendants' two-tier "Confidential" and "Highly Confidential— Attorneys' Eyes Only" system during discovery. (Docket No. 169 at 5).

Second, Defendants' request to limit Ibrahim Reyes' ("Mr. Reyes") and Jose Olmo-Rodriguez's ("Mr. Olmo") access to documents designated "Highly Confidential— Attorneys' Eyes Only" absent a showing of good cause and a stipulation not to misuse the materials is reasonable. Id. at 7. Both men are counsel of record for and have vested interests in PRSL, although Mr. Olmo has been disqualified. (Docket Nos. 169 at 7; 176 at 4 and 207). Mr. Reyes remains a counsel of record for Plaintiffs and is General Counsel, owner, and former Chief Operating Officer of PRSL, presumably holding competitive decision-making authority or influence within PRSL that goes beyond that of the typical in-house counsel. (Docket No. 169 at 8). See Phillips Med. Sys. P.R., Inc. v. Alpha Biomedical and Diagnostic Corp., 2021 WL 150411, at *3 (D.P.R. 2021) (noting courts can limit in-house counsel's access to confidential material when counsel was involved in "competitive decisionmaking," including counsel's "activities, association, and relationship with a client that are such as to involve counsel's

---

[2] While the Court reviews Defendants' *Joint Motion for Entry of a Protective and Confidentiality Order and Rule 502(d) Order* on the merits, the Court notes that Plaintiffs' *Response* in opposition relied heavily on citations to cases that were nonexistent, to quotes that were not in the body of the case cited, or that were otherwise inaccurate.

advice and participation in any or all of the client's decisions ...made in light of similar or corresponding information about a competitor.") (citations omitted); U.S. Steel Corp. v. United States, 730 F.2d 1465, 1469 (status as in-house counsel cannot be the "sole basis" for denial of access).

Given Mr. Reyes' various roles, the Court concludes the proposed additional safeguards for Defendants' confidential information are proper. Importantly, the proposed language would not prevent Mr. Reyes or any other similarly-situated counsel from accessing information designated "Highly Confidential— Attorneys' Eyes Only". Instead, they could access the information after: (i) obtaining consent from the holder or permission from the Court after showing good cause, and (ii) signing a supplemental undertaking agreeing not to abuse their access to benefit from any sensitive and competitive material provided by the opposing parties. (Docket No. 169-1 at 14). Harm to Plaintiffs is thus minimized as any counsel can view "Highly Confidential— Attorneys' Eyes Only" if they obtain consent or permission to do so and agree to the proposed terms of use for the material.

Third, it is appropriate to reserve the parties' rights to invoke the Hague Evidence Convention or Article 271 of the Swiss Penal Code. See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa, 482 U.S. 522, 536-39 (1987) (characterizing the Hague Evidence Convention as

"permissive" and establishing "optional procedures" to collect evidence abroad). Defendants argue the reservation would do nothing beyond "preserving the status quo," and Plaintiffs admit their counsel "would *consider* Hague [Evidence Convention] procedures if necessary," even the actual applicability of these procedures remains a point of contention. (Docket Nos. 169 at 12 and 177 at 5). Similarly, at this juncture there is no need to decide the relevancy of the Swiss Penal Code, as Defendants seek only to avoid waiving it and Plaintiffs claim the issue is "premature and irrelevant absent a specific discovery dispute." (Docket No. 169 at 11 and 177 at 5). Without going further, the Court will reserve the parties' rights to invoke the Hague Evidence Convention and Swiss Penal Code.

Fourth, the parties have negotiated a proposed Rule 502(d) Order, which Defendants have submitted to the Court. (Docket No. 169-2). Plaintiffs oppose language in the proposed Order that references the two-tier "Confidential" and "Highly Confidential— Attorneys' Eyes Only" framework or reserves the parties' rights to invoke the Hague Evidence Convention or the Swiss Penal Code. (Docket No. 177 at 6). For the reasons discussed above, the Court rejects Plaintiffs' contentions and shall implement the Rule 502(d) Order as submitted by Defendants.

In accordance with the above, the Court hereby **GRANTS** Defendants' *Joint Motion for Entry of a Protective and*

*Confidentiality Order and Rule 502(d) Order*. (Docket No. 169). The requested protective orders shall be entered forthwith:

1. The Court shall enter the proposed Protective Order submitted by Defendants on March 6, 2025. (Docket No. 169-1).

2. The Court shall enter the proposed Rule 502(d) Order submitted by Defendants on March 6, 2025. (Docket No. 169-2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April 2025.

                                    s/Raúl M. Arias-Marxuach
                                    UNITED STATES DISTRICT JUDGE