IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO SOCCER LEAGUE NFP,
CORP., et al.,

    **Plaintiffs,**

       v.

FEDERACIÓN PUERTORRIQUEÑA DE
FUTBOL, et al.,

    **Defendants.**

CIVIL NO. 23-1203 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

      Pending before the Court are Defendants Confederation of North, Central America, and Caribbean Football's ("CONCACAF") *CONCACAF's Application for Attorneys' Fees in Compliance with Order at Docket No. 206 (Unredacted)* ("*CONCACAF Motion*") (Docket No. 229), Federation Internationale de Football Association's ("FIFA") *FIFA's Application for Attorney Fees* ("*FIFA Motion*")(Docket No. 230), and Federacion Puertorriquena de Futbol's ("FPF"), Iván Rivera-Gutierrez's, José Martinez's, Gabriel Ortiz's, and Luis Mozo Cañete's (collectively, "FPF Defendants") *Motion Submitting Itemized Request for Attorneys' Fees* ("*FPF Motion*") (Docket No. 233). Defendants'[1] *Motions* are **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' counsel, Jose R.

---

[1] "Defendants" is used to refer collectively to CONCACAF, FIFA, FPF, and the FPF Defendants.

Olmo-Rodriguez and Ibrahim Reyes, are hereby ordered to pay
Defendants **$24,492.10** in attorneys' fees and costs.

## I.    PROCEDURAL BACKGROUND

In response to various motions by Defendants, Plaintiffs[2]
submitted four filings on March 9 and 13, 2025: (1) *Plaintiffs'
Response in Opposition to Defendants' Joint Motion to Disqualify
Plaintiffs' Counsel* (Docket No. 174); (2) *Plaintiffs' Response in
Opposition to Defendants' Joint Motion for Protective Order
Limiting the Scope of Discovery* (Docket No. 175); (3) *Plaintiffs'
Response in Opposition to Defendants' Joint Motion for Entry of a
Protective and Confidentiality Order and Rule 502(d) Order* (Docket
No. 176); and (4) *Plaintiffs' Supplement to Response in Opposition
to Defendants' Joint Motion for Entry of a Protective and
Confidentiality Order and Rule 502(d) Order* (Docket No. 177). On
March 17, 2025, Defendants sought leave to reply to these four
motions. (Docket Nos. 178; 179 and 180). In their replies,
Defendants claimed that Plaintiffs had made multiple citation
errors and alleged that they had used generative artificial
intelligence to write these motions. *See* id.

On March 18, 2025, this Court issued the *Order to Show Cause*,
which was amended the following day and asked Plaintiffs to show
cause "as to why sanctions should not be levied against them for

---

[2] "Plaintiffs" is used to refer collectively to Puerto Rico Soccer League NFP,
Corp., Marria Larracuente, Joseph Marc-Seralta-Ives, and Futbol Boricua, Inc.

violations" of Rules 1.1 and 3.3 of the Model Rules of Professional Conduct and of Fed. R. Civ. P. 11(b)(2). (Docket Nos. 181 and 187). Plaintiffs filed a *Memorandum in Compliance* on March 21, 2025. (Docket No. 190). On April 10, 2025, the Court issued an Opinion and Order finding that Plaintiffs had not adequately shown cause and that sanctions were warranted. (Docket No. 206). The Court ordered Plaintiffs' counsel to pay the attorneys' fees incurred by Defendants in relation to Plaintiffs' filings at Docket Nos. 174, 175, 176, and 177. Id. at 10. Defendants were granted twenty-one days to file an itemized application for attorneys' fees. Id. Plaintiffs filed a *Motion for Reconsideration* on April 22, 2025, which the Court denied the same day. (Docket Nos. 217 and 219).

The Defendants subsequently filed their associated motions for attorneys' fees, providing both redacted and unredacted versions of the motions. (Docket Nos. 228; 229; 230; 233 and 235).

## II.  ANALYSIS

The Court begins by determining an appropriate amount of attorneys' fees before addressing the reasonableness of Defendants' requested costs.

### A. Reasonable attorneys' fees

Defendants request a significant amount of attorneys' fees: CONCACAF seeks $20,927.50 in attorneys' fees; FIFA seeks $52,053.00 in attorneys' fees; and FPF and the FPF Defendants seek $14,992.50 in attorneys' fees. (Docket Nos. 229; 230 and 233). In

support of their requests, Defendants submitted time sheets from each attorney and, for some, summaries of his or her professional qualifications and unsworn declarations under penalty of perjury certifying the contents of the time sheets. (Docket Nos. 229; 229-1; 229-2; 230; 230-1; 230-2; 233 and 233-1).

The lodestar method is the predominant method of calculating reasonable attorney's fees. *See*, *e.g.*, Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (lodestar is the "guiding light" for fee-shifting jurisprudence) (citation omitted); Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (lodestar is the "starting point" when calculating fees); Skytec, Inc. v. Logistic Sys., Inc., Civil No. 15-2104, 2019 WL 2246775, at *1 (D.P.R. May 23, 2019) ("The First Circuit applies the lodestar method to calculate attorney's fees.") (citations omitted).

The lodestar method requires two steps. First, a court must determine "the number of hours reasonably expended." Pérez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (citations omitted). Second, the court should "identify a reasonable hourly rate or rates." Id. (citation omitted). Multiplying the reasonable number of hours by the reasonable rate results in a lodestar, or a presumptively reasonable fee award. *See* Lipsett, 975 F.2d at 937 (citation omitted). The Court may then make upward or downward adjustments to account for special circumstances. *See* Pérez-Sosa,

22 F.4th at 321 (citations omitted). Throughout this calculation, the task of a district court "is to do rough justice, not to achieve auditing perfection." Id. at 322 (citation omitted). Courts "may take into account their overall sense of a suit[] and may use estimates in calculating and allocating an attorney's time." Id. (citation omitted).

   *i.   Number of hours reasonably expended*

   To determine the number of hours reasonably expended by the attorneys seeking payment, a court excludes or discounts "those hours that are 'excessive, redundant, or otherwise unnecessary'" from the actual amount of hours spent on the litigation. Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. et al. v. Ray Haluch Gravel Co. et al., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); *see also* Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984) (hours that are "duplicative, unproductive, excessive, or otherwise unnecessary" should be discounted) (citations omitted). To maximize fee recovery, attorneys should "submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed." Deary v. City of Gloucester, 9 F.3d 191, 197-98 (1st Cir. 1993) (citing Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986)).

Time records that are "too generic" and "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like" should be discounted or disallowed by a district court. Pérez-Sosa, 22 F.4th at 330 (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008)). Time entries that involve block-billing, or the use of a single block of time to bill multiple discrete tasks, may also be discounted. *See* Bd. of Trs. v. ILA Loc. 1740, AFL-CIO, Civ. No. 18-1598, 2022 WL 4591843, at *5 (D.P.R. Sept. 30, 2022) (reducing block-billed entries by 35 percent). The First Circuit has held that hours categorized with vague titles such as "Meeting with Client" or "Telephone Conference [with] Client" may be discounted under this standard. *See* id. at 329. While duplicative entries should be discounted, "time spent by two attorneys on the same general task" is not automatically duplicative because "careful preparation often requires collaboration and rehearsal" between parties and their attorneys. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998).

After reviewing the invoices submitted by Defendants, the Court concludes that some of the hours for which Defendants seek fees are too generic or vague for the Court to assess if the time billed was appropriate. The Court does not doubt that these entries accurately represent time spent working on this case but cannot evaluate the reasonableness of the billing due to a lack of detail.

*See* Pérez-Sosa, 22 F.4th at 329-30. The problematic time entries are organized below, by law firm and client:[3]

*1. Sidley Austin LLP, for CONCACAF (Docket No. 229-1):*

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| John J. Kuster | 3/10/25 | Review plaintiffs' responses and prepared for reply to same; t/c w/A. Blau, B. Page regarding same; reviewed emails re: potential AI citations by Plaintiffs | 3.00 |
| | 3/24/25 | Attending to additional court filings and mediation | 0.50 |
| | | **Total:** | 3.50 |

*2. O'Neill & Borges LLC, for CONCACAF (Docket No. 229-2):*

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| | | N/A | |
| | | **Total:** | N/A |

*3. Paul, Weiss, Rifkind, Wharton & Garrison LLP, for FIFA (Docket No. 230-1):*

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| H. Christopher Boehning | 3/13/25 | Attn. to draft email to defense group and edits to same* | 1.20 |
| | 3/17/25 | Attn. to revised motions; t/c w/Y. Gaffney re: same; attn. to next steps w/team; review/revise reply brief; review revised CONCACAF brief and edits to same. | 2.50 |
| | | **Total:** | 3.70 |
| Tiana Voegelin | 3/12/25 | Call with FPF counsel; call with CONCACAF counsel* | 4.00 |
| | 3/19/25 | Client email* | 0.90 |
| | 3/21/25 | Comms with client* | 3.20 |
| | 3/28/25 | Review client email* | 0.40 |
| | | **Total:** | 8.50 |
| Yoav Gaffney | 3/16/25 | Review Sidley edits to reply brief for protective order and motion to | 1.80 |

---

[3] An asterisk (*) notes a task description was one of multiple descriptions for a single block of time.

| | | | |
|---|---|---|---|
| | | limit discovery; review FPF reply brief in support of motion to disqualify and propose revisions re same; coordinate cite check of reply brief for protective order. | |
| | 3/17/25 | Review and revise reply in support of reply in support of motion for protective order; cite check and proof same; review and revise motion for leave to file same; incorporate co-defendant edits re same; review and revise reply in support of motion for disqualification; review and revise motion to limit discovery; correspondence with co-defendants re same; attn to filing of same. | 7.70 |
| | | **Total:** | 9.50 |
| Tian Lei | 3/10/25 | Review and analyze opposition briefs to motions to disqualify and motion for protective order; meet and confer internally re reply briefs; draft reply brief in support of motion for protective order. | 2.80 |
| | 3/13/25 | Research procedural requirements for sanctions re use of AI in legal research; confer with local counsel re motion for sanctions; revise reply in support of motion for protective order; review supplemental opposition briefing filed by plaintiff. | 5.70 |
| | 3/17/25 | Cite and substance check reply in support of motion for protective order; review and revise draft replies in support of motion to limit discovery and motion to disqualify counsel. | 6.20 |
| | 3/24/25 | Draft opposition to plaintiffs response to the order to show cause; cite and substance check opposition to plaintiffs response to the order to show cause; incorporate edits to opposition motion from co-defendants. | 5.10 |
| | | **Total:** | 19.80 |

### 4. Ferraiuoli LLC, for FIFA (Docket No. 230-2):

| Attorney: | Date: | Task Description: | Time: |
|---|---|---|---|
| Roberto A. Cámara-Fuertes | 3/10/25 | Reviewed and considered Plaintiffs' opposition to [three motions]. Reviewed case law cited and considered grounds for opposition. Reviewed email from PW Team re: replies, deadlines and other matters. Drafted response. Reviewed exchanges to defendants' group re: Plaintiffs' opposition and logistics for response. | 3.75 |
| | 3/13/25 | Reviewed email regarding letter to plaintiffs. Research re: same and drafted email to PW Team. Conference call with Tian Lei re: same. Reviewed messages. Reviewed and analyzed FIFA's draft of Reply to Opposition to Motion for Protective Order (Confidentiality). | 2.50 |
| | 3/14/25 | Reviewed, analyzed, and considered Plaintiffs Supplemental Motion regarding alleged witness tampering. Reviewed communication from defendants re: same and opposition. Reviewed and considered COCACAF draft reply to Motion for Protective Order (Scope and number of witnesses). | 2.25 |
| | 3/17/25 | Reviewed and considered CONCACAF edits to FIFA Reply to Opposition Motion for Protective Order (Tier of Confidentiality. Reviewed edits to CONCACAF's Reply to Opposition to Motion for Protective Order (Scope). Reviewed, analyzed and considered FPF9s Reply to Motion to Disqualify. Reviewed Plaintiffs9 letter to FPF counsel regarding their own disqualification. | 3.50 |

| | | Exchanges re: filing logistics, edits and next steps. Final review of documents for filing, edits and exchanges. | |
| | 3/18/25 | Reviewed order from the Court compelling plaintiffs to show cause. Reviewed Order granting leave to file. Coordinated filing replies. Reviewed docketed replies. | 1.25 |
| | 3/21/25 | Reviewed email from T. Lei. Drafted response and exchanges re: same.* | 2.00 |
| | | **Total:** | 15.25 |
| Suleicka Tulier-Vásquez | 3/10/25 | Discussion of stateside counsel inquiry | 0.50 |
| | 3/13/25 | Discussion of stateside counsel inquiry | 0.50 |
| | 3/24/25 | Response to stateside counsel inquiry | 0.25 |
| | | **Total:** | 1.25 |

*5. Adsuar Muñiz Goyco Seda & Pérez-Ochoa, PSC, for FPF and the FPF Defendants (Docket No. 233-1):*

| **Attorney:** | **Date:** | **Task Description:** | **Time:** |
|---|---|---|---|
| Eric Pérez-Ochoa | 3/13/25 | Consideration of email exchanges on possible use of GAI in plaintiffs' filings; review ABA comments on the use of AI, related caselaw; discuss with Adsuar team; consideration of plaintiffs' supplement to response in opposition to defendants' request for protective order | 1.00 |
| | 3/17/25 | Consideration of FIFA and CONCACAFS' updated replies in support of protective order; discuss status/logistics of settlement conference with ADSL; consideration of letter by counsel for plaintiffs alleging conflict of interest by Adsuar; discuss briefly with team; edits and revisions review of reply ISO motion to disqualify | 1.50 |

| | | | Total: | 2.50 |
|---|---|---|---|---|
| Edwin J. Seda Fernández | 3/14/25 | Reviewed document* | | 1.00 |
| | 3/18/25 | Letter to [redacted] Re: [redacted]. Email to: [redacted] | | 0.50 |
| | 3/24/25 | Reviewed reply. Re: Pattern by plaintiff's attorneys of AI generated cases and deficient citations. Phone conference with Andres Santiago. Re: same; meeting with individual defendants. | | 0.75 |
| | | | Total: | 2.25 |

Most of the problematic entries involved block-billing, where so many tasks were logged for a single block of time such that the Court could not determine the reasonableness of time spent expended on these tasks. The Court will reduce each block-billed time entry by **30 percent**. *See* ILA Loc. 1740, AFL-CIO, 2022 WL 4591843, at \*5 (35 percent reduction in hours is acceptable for block-billed entries); Garcia-Colon v. Corp. of the State Ins. Fund, Civ. No. 21-1211 (Docket No. 414 at 11) (D.P.R. Nov. 4, 2024) (20 to 30 percent reduction in hours is acceptable for vague or block-billed entries). Other entries were too vague to determine the reasonableness of the time expended on them or had vague task descriptions billed alongside other, more detailed task descriptions. The Court will also reduce each of these vague time entries by **30 percent**. *See* Pérez-Sosa, 22 F.4th at 329 (discounting vague time entries by 30 percent); Carrero v. Molina Healthcare of P.R., Inc., Civ. No. 21-1605, 2024 WL 3042748, at \*5 (D.P.R. June

18, 2024) (30 percent reduction is appropriate for overly vague hours).

Consequently, the Court deducts the following time: (1) from **John J. Kuster,** a total of **1.05 hours;** (2) from **H. Christopher Boehning,** a total of **1.11 hours;** (3) from **Tiana Voegelin,** a total of **2.55 hours;** (4) from **Yoav Gaffney,** a total of **2.85 hours;** (5) from **Tian Lei,** a total of **5.94 hours;** (6) from **Roberto A. Cámara-Fuertes,** a total of **4.58 hours;** (7) from **Suleicka Tulier-Vásquez,** a total of **0.38 hours;** (8) from **Eric Pérez-Ochoa,** a total of **0.75 hours;** and (9) from **Edwin J. Seda Fernández,** a total of **0.68 hours.** The Court reiterates that its task here "is to do rough justice, not to achieve auditing perfection." *See* Pérez-Sosa, 22 F.4th at 322. The following chart shows the total number of hours reported by each attorney following the Court's adjustments:

| Attorney name: | Number of hours: |
| --- | --- |
| John J. Kuster | 11.45 |
| Amanda M. Blau | 16.75 |
| Bennett S. Page | 16.50 |
| Salvador J. Antonetti-Stutts | 7.80 |
| Aníbal A. Román-Medina | 3.50 |
| H. Christopher Boehning | 14.64 |
| Tiana Voegelin | 20.45 |
| Yoav Gaffney | 25.45 |
| Tian Lei | 27.66 |
| Roberto A. Cámara-Fuertes | 14.42 |
| Suleicka Tulier-Vásquez | 19.62 |
| Eric Pérez-Ochoa | 4.50 |
| Edwin J. Seda-Fernández | 9.07 |
| Alexandra Casellas-Cabrera | 12.50 |
| Andrés D. Santiago-López | 47.00 |
| Natalie E. del Rosario-Cardona (paralegal) | 1.50 |

ii. *Reasonable hourly rates*

"[T]he reasonable hourly rate in any given case 'will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'" Pérez-Sosa, 22 F.4th at 325 (citation omitted). The appropriate rate is usually "that prevailing in the community for similar work" done by "lawyers of like qualifications, experience, and competence." Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983) (citation omitted); Pérez-Sosa, 22 F.4th at 321 (citation omitted). "Most often, there is not a single reasonable rate for legal services but, rather, a range of reasonable rates." Id. at 326 (citation omitted).

To determine reasonable rates in this case, the Court considers the parties' motions and summaries of their attorneys' professional skills and accomplishments, as well as recent examples of fee awards from other cases in this District and the First Circuit. The Court is guided by its own understanding of prevailing rates in Puerto Rico and its knowledge of this particular case, over which the Court has presided since its inception. *See* Pérez-Sosa, 22 F.4th at 326-27, n.5 (citations omitted).

In the District of Puerto Rico, an approximate range of typical rates for **highly experienced attorneys** is **$250-300** and for **associates** is **$150-200**. *See* Skytec, Inc., 2019 WL 1271459, at *5

(D.P.R. Mar. 15, 2019), *amended on reconsideration*, 2019 WL 2246775 (citations omitted); IL ALoc. 1740, AFL-CIO, 2022 WL 4591843, at *3 (citation omitted); Arelene Ocasio v. Comisión Estatal de Elecciones, Civ. No. 20-1432, 2023 WL 8889653, at *3 n.5 (D.P.R. Dec. 26, 2023) (citations omitted). However, courts sometimes award fees at higher rates. *See*, *e.g.*, Rivera-Molina v. Casa La Roca, LLC, Civ. No. 21-1004, 2022 WL 897145, at *1 (D.P.R. Mar. 25, 2022) (hourly rate of $350 is appropriate); Carrero, 2024 WL 3042748, at *6 (awarding an hourly rate of $350 to law firm partners with two decades of experience); Garcia-Colon, Civ. No. 21-1211 (Docket No. 414 at 11) (hourly rate of $320 for out-of-court time is appropriate for highly experienced attorneys). Time billed by paralegals may generally be reimbursed at market rates. *See* In re San Juan Dupont Plata Hotel Fire Litig., 111 F.3d 220, 231 n.10 (1st Cir. 1997). An appropriate rate for **paralegals** ranges from **$50-100**. *See* Conair Corp. v. Next G. Corp., Civ. No. 20-1093, 2024 WL 3152710, at *3 (D.P.R. Feb. 20, 2024) (collecting cases and setting the market rate for paralegals between $50-100).

In this case, Defendant's attorneys all have substantial civil litigation experience and come from well-respected national and Puerto Rican law firms. In light of the capabilities and experience of Defendants' counsel and sophisticated nature of the case at bar, the Court finds that reasonable rates for the legal work performed by Defendants' counsel reach the higher end of the

legal rates typically charged in this District. Taking all of this into consideration, as well as each individual attorney's specific qualifications described in Defendants' motions and available online, the Court concludes that the following rates are reasonable and appropriate in this case.[4]

First, **John J. Kuster** ("Mr. Kuster"), is a partner at Sidley Austin LLP ("Sidley Austin") representing CONCACAF. (Docket No. 229 at 5-6). Mr. Kuster has been a partner in Sidley Austin's litigation practice for over twenty-five years and has spent over thirty years representing high-profile clients in complex, "high-stakes commercial litigation and disputes matters in federal and state courts, as well as arbitrations." Id. at 6. The Court sets his hourly rate at **$350**.

Second, **Amanda M. Blau** ("Ms. Blau") is an associate at Sidley Austin, representing CONCACAF. (Docket No. 229 at 6). Ms. Blau has been an associate in Sidley Austin's litigation practice for seven years and has worked on various complex litigation matters, including antitrust and federal RICO conspiracy matters. (Docket No. 229 at 6). The Court sets her hourly rate at **$275**.

Third, **Bennett S. Page** ("Mr. Page") is an associate at Sidley Austin, representing CONCACAF. (Docket No. 229 at 6). Mr. Page has been an associate in Sidley Austin's litigation practice for two

---

[4] The Court relies on the positions and years of experience that were represented by Defendants to be current as of the time of briefing.

years, with a focus on commercial litigation and disputes. Id. The Court sets his hourly rate at **$150**.

Fourth, **Salvador J. Antonetti-Stutts** ("Mr. Antonetti") is a partner at O'Neill & Borges LLC ("O'Neill & Borges"), representing CONCACAF. (Docket No. 229 at 7). He previously clerked at the Puerto Rico Supreme Court, United States District Court for the District of Puerto Rico, and the United States Court of Appeals for the First Circuit. Id. He has over thirty years of commercial litigation experience in state and federal court, as well as arbitration proceedings, and previously served as the Solicitor General of Puerto Rico and as the Director of the Federal Litigation Division of the Puerto Rico Department of Justice. Id. The Court agrees with his suggested hourly rate of **$300**.

Fifth, **Aníbal A. Román-Medina** ("Mr. Román") is an associate at O'Neill & Borges, representing CONCACAF. (Docket No. 229 at 7). Mr. Román has been an associate in O'Neill & Borges' litigation practice for five years and has worked on commercial litigation matters in federal and state courts, as well as in administrative proceedings. The Court sets his hourly rate at **$175**.

Sixth, **H. Christopher Boehning** ("Mr. Boehning") is a partner in Paul, Weiss, Rifkind, Wharton & Garrison LLP's ("Paul, Weiss") litigation practice, representing FIFA. (Docket No. 230-1 at 11-14). Mr. Boehning is also co-chair of the firm's International Practice, Insurance Practice, and Sports Practice, and chair of

its International Arbitration Practice. Id. at 11. He has over thirty years of experience in complex commercial and civil litigation matters, as well as regulatory inquiries, internal investigations, and international arbitrations. Id. He has received particular recognition for his familiarity with the soccer world and serves as FIFA's regular outside counsel in the United States. Id. He has represented multiple well-known international companies and institutions and worked on an array of prominent pro bono matters. Id. at 11-13. The Court sets his hourly rate at **$350**.

Seventh, **Tiana Voegelin** ("Ms. Voegelin") is a partner at Paul, Weiss' litigation practice, representing FIFA. (Docket No. 230-1 at 15-16). She has nine years of experience and specializes in complex commercial and civil litigation matters, internal investigations, and trial practice, with a particular focus on sports-related litigation. Id. at 15. She has represented multiple high-profile clients, including the National Football League and FIFA. Id. at 15-16. The Court sets her hourly rate at **$325**.

Eighth, **Yoav Gaffney** ("Mr. Gaffney") is a mid-level associate at Paul, Weiss, representing FIFA. (Docket No. 230-1 at 4, 17). Mr. Gaffney's work focuses on complex commercial litigation, sports, financial services litigation, antitrust, and securities. Id. at 17. He has five years of experience and graduated from law

school with high honors. Id. The Court sets his hourly rate at **$175**.

Ninth, **Tian Lei** ("Ms. Lei") is a mid-level associate at Paul, Weiss, representing FIFA. (Docket No. 230-1 at 4, 17). Her work focuses on complex civil litigation, sports, employment, antitrust, and securities matters. Id. at 17. Ms. Lei has four years of experience. Id. at 4. The Court sets her hourly rate at **$175**.

Tenth, **Roberto A. Cámara-Fuertes** ("Mr. Cámara") is a capital member at Ferraiuoli LLP ("Ferraiuoli"), representing FIFA. (Docket Nos. 230-2 at 10-12). He serves as chair of Ferraiuoli's litigation department and has twenty-five years of litigation experience. Id. at 3, 10. Mr. Cámara has trial experience in Commonwealth courts, the United States District Court for the District of Puerto Rico, and the United States Court of Appeals for the First Circuit. Id. at 10. He has litigated over one hundred cases in federal court, including numerous defamation and antitrust cases. Id. His clients include various international and Puerto Rican companies. Id. The Court agrees with his suggested hourly rate of **$292**.

Eleventh, **Suleicka Tulier-Vásquez** ("Ms. Tulier") is a member attorney at Ferraiuoli, representing FIFA. (Docket No. 230-2 at 13). She has nine years of litigation experience, focusing on

bankruptcy and creditors' rights and commercial litigation. Id. at 3, 13. The Court agrees with her suggested hourly rate of **$292**.

Twelfth, **Eric Pérez-Ochoa** ("Mr. Pérez") is co-chair of the litigation practice group at at Adsuar Muñiz Goyco Seda & Pérez-Ochoa, PSC ("Adsuar"), representing FPF and the FPF Defendants. (Docket No. 233-1 at 11). He has over thirty years of experience litigating in federal and Commonwealth courts and in arbitrations, primarily with complex commercial matters and civil litigation. The Court agrees with his suggested hourly rate of **$275**.

Thirteenth, **Edwin J. Seda-Fernández** ("Mr. Seda") is the director of the Labor and Employment Law Department at Adsuar, representing FPF and the FPF Defendants. (Docket No. 233-1 at 11). He has over thirty years of litigation experience, primarily in private and public sector employment matters and union affairs. He has appeared before the National Labor Relations Board, various administrative agencies, and federal and Commonwealth courts. The Court agrees with his suggested hourly rate of **$275**.

Fourteenth, **Alexandra Casellas-Cabrera** ("Ms. Casellas") is an attorney at Adsuar, representing FPF and the FPF Defendants. (Docket No. 233-1 at 11). Her work focuses on complex civil litigation, healthcare, and intellectual property law. She has over ten years of experience and has handled matters in both Commonwealth and federal court. The Court agrees with her suggested hourly rate of **$200**.

Fifteenth, **Andrés D. Santiago-López** ("Mr. Santiago") is an attorney at Adsuar, representing FPF and the FPF Defendants. (Docket No. 233-1 at 11). He works in various litigation areas, including complex commercial litigation. He previously clerked at the Puerto Rico Court of Appeals. The Court sets his hourly rate at **$150**.

Sixteenth, **Natalie E. del Rosario-Cardona** ("Ms. del Rosario") is a litigation paralegal at Adsuar, representing FPF and the FPF Defendants. (Docket No. 233-1 at 11). The Court sets Ms. del Rosario's hourly rate at **$75**.

Having determined a reasonable number of hours expended and reasonable hourly rates, the initial lodestar amount is as follows:

| Timekeeper: | Position/Firm: | Client: | Hours: | Hourly Rate: | Fee: |
|---|---|---|---|---|---|
| John J. Kuster | Partner, Sidley Austin | CONCACAF | 11.45 | $350 | $4,007.50 |
| Amanda M. Blau | Associate, Sidley Austin | CONCACAF | 16.75 | $275 | $4,606.25 |
| Bennett S. Page | Associate, Sidley Austin | CONCACAF | 16.50 | $150 | $2,475.00 |
| | | | | Sidley Austin total: | $11,088.75 |
| Salvador J. Antonetti Stutts | Partner, O'Neill & Borges | CONCACAF | 7.80 | $300 | $2,340.00 |
| Aníbal A. Román Medina | Associate, O'Neill & Borges | CONCACAF | 3.50 | $175 | $612.50 |
| | | | | O'Neill & Borges total: | $2,952.50 |
| | | | | CONCACAF total: | **$14,041.25** |
| Chris Boehning | Partner, Paul, Weiss | FIFA | 14.64 | $350 | $5,124.00 |

| | | | | | |
|---|---|---|---|---|---|
| Tiana Voegelin | Partner, Paul, Weiss | FIFA | 20.45 | $325 | $6,646.25 |
| Yoav Gaffney | Associate, Paul, Weiss | FIFA | 25.45 | $175 | $4,453.75 |
| Tian Lei | Associate, Paul, Weiss | FIFA | 27.66 | $175 | $4,840.50 |
| | | | | **Paul, Weiss total:** | $21,064.50 |
| Roberto A. Cámara-Fuertes | Capital member, Ferraiuoli | FIFA | 14.42 | $292 | $4,210.64 |
| Suleicka Tulier-Vásquez | Member attorney, Ferraiuoli | FIFA | 19.62 | $292 | $5,729.04 |
| | | | | **Ferraiuoli total:** | $9,939.68 |
| | | | | **FIFA total:** | **$31,004.18** |
| Eric Pérez-Ochoa | Attorney, Adsuar | FPF and FPF Defendants | 4.50 | $275 | $1,237.50 |
| Edwin J. Seda Fernández | Attorney, Adsuar | FPF and FPF Defendants | 9.07 | $275 | $2,494.25 |
| Alexandra Casellas-Cabrera | Attorney, Adsuar | FPF and FPF Defendants | 12.50 | $200 | $2,500.00 |
| Andrés D. Santiago López | Attorney, Adsaur | FPF and FPF Defendants | 47.00 | $150 | $7,050.00 |
| Natalie E. del Rosario Cardona | Paralegal, Adsuar | FPF and FPF Defendants | 1.50 | $75 | $112.50 |
| | | | | **FPF and FPF Defendants total:** | **$13,394.25** |
| | | | | **Total:** | **$58,439.68** |

*iii. Adjusting the lodestar amount*

An initial lodestar calculation may be adjusted upwards or downwards based on additional circumstances at play. As noted in the 1993 advisory committee notes to Fed. R. Civ. P. 11, "partial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons having modest financial

resources." The Court is aware that the errors committed by Plaintiffs' counsel received national attention, and that given both attorneys work for small firms and describe themselves as solo practitioners, the initial lodestar amount would prove a heavy financial burden. Furthermore, it is well-known that "an appropriate sanction should be no more severe than necessary to assure the deterrent objective" of Fed. R. Civ. P. 11. <u>Navarro Ayala v. Hernandez Colon</u>, 143 F.R.D. 460, 466 (D.P.R. 1991).

Other courts around the country have levied attorneys' fees as sanctions for the improper use of artificial intelligence or in similar situations where parties have submitted motions with incorrect or nonexistent case citations. However, the Court is aware of no cases where a sanction approaching sixty thousand dollars for the misuse of artificial intelligence has been applied. *See* <u>Wadsworth v. Walmart, Inc.</u>, 348 F.R.D. 488, 499 (D. Wyo. 2025) (levying a total sanction of $5,000 against three attorneys and revoking one attorney's *pro hac vice* status for misuse of artificial intelligence); <u>Benjamin v. Costco Wholesale Corp.</u>, 779 F.Supp. 3d 341, 347-48 (E.D.N.Y. 2025) (collecting cases to show that "courts have imposed monetary sanctions ranging from $1,500 to $15,000" against attorneys who submitted filings incorporating fake cases and citations); <u>Kruse v. Karlen</u>, 692 S.W. 3d 43, 49, 54 (Mo. Ct. App. 2024) (imposing $10,000 in damages in appellate attorneys' fees after a party submitted twenty-two fabricated case

citations and multiple statutory misstatements); <u>Lacey v. State Farm Gen. Ins.</u>, Civ. No. 24-5205, 2025 WL 1363069, at *5 (C.D. Cal. May 5, 2025) (imposing $31,100 in monetary sanctions jointly and severally against two law firms due to inaccurate use of artificial intelligence, noting that "strong deterrence" is needed to prevent further misbehavior); <u>Noland v. Land of the Free, L.P.</u>, No. B331918, 2025 WL 2629868, at *13 (Cal. Ct. App. 2025) (imposing $10,000 in sanctions for submission of fabricated legal sources).

However, various factors counsel against imposing attorneys' fees on the lower end of the scale. The problematic motions had significantly more errors than other cases located by the Court. Here, Plaintiffs' motions included at least fifty-five defective citations, requiring hours of work on the Court's end to check the accuracy of each citation. Plaintiffs' counsel never offered a satisfactory explanation for *why* their citations in multiple motions were so severely flawed. Plaintiffs denied using generative artificial intelligence. But the sheer number of inaccurate or nonexistent citations suggests otherwise. And in any event, the violations of Fed. R. Civ. P. 11 and applicable ethical rules occurred regardless of whether they were caused by misuse of generative artificial intelligence or other means. This behavior stands in contrast to several of the cases cited above, where various attorneys facing sanctions offered an explanation as to how they erred.

Civil No. 23-1203 (RAM)                                                    24

Considering all the above factors, the Court will reduce the initial lodestar amount by **sixty percent**. While not imposing an unreasonable and unnecessary sanction outside the bounds contemplated by Fed. R. Civ. P. 11, the Court hopes this sanction will deter Plaintiffs' counsel, as well as other attorneys practicing in this District, from engaging in similar misbehavior in the future. Having determined the final amount of attorneys' fees to be awarded, the Court's calculations are as follows:

| Firm: | Client: | Adjusted fees: |
|---|---|---|
| Sidley Austin | CONCACAF | $4,435.50 |
| O'Neill & Borges | CONCACAF | $1,181.00 |
| | **CONCACAF total:** | **$5,616.50** |
| Paul, Weiss | FIFA | $8,425.80 |
| Ferraiuoli | FIFA | $3,975.87 |
| | **FIFA total:** | **$12,401.67** |
| Adsuar | FPF and FPF Defendants | $5,357.70 |
| | **FPF and FPF Defendants total:** | **$5,357.70** |
| | **Total:** | **$23,375.87** |

## B. Additional costs

In addition to the attorneys' fees detailed above, CONCACAF, through Sidley Austin, requests $1,116.23 in fees for Westlaw research services. (Docket No. 229-1 at 5). Fed. R. Civ. P. 11 permits courts to award reasonable attorneys' fees and expenses resulting directly from the sanctioned conduct. *See* Fed. R. Civ. P. 11. The nature of the sanctioned conduct here— falsified or inaccurate case citations— is plainly an issue that requires the use of Westlaw or a similar research platform to check the caselaw cited to in the sanctioned motions. The Court thus approves Sidley

Austin's request for **$1,116.23** in Westlaw expenses. The final calculation of attorneys' fees and costs is produced below:

| Firm: | Client: | Adjusted fees and costs: |
|---|---|---|
| Sidley Austin | CONCACAF | $5,551.73 |
| O'Neill & Borges | CONCACAF | $1,181.00 |
| | **CONCACAF total:** | **$6,732.73** |
| Paul, Weiss | FIFA | $8,425.80 |
| Ferraiuoli | FIFA | $3,975.87 |
| | **FIFA total:** | **$12,401.67** |
| Adsuar | FPF and FPF Defendants | $5,357.70 |
| | **FPF and FPF Defendants total:** | **$5,357.70** |
| | **Total:** | **$24,492.10** |

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** *CONCACAF's Application for Attorneys' Fees in Compliance with Order at Docket No. 206 (Unredacted)* (Docket No. 229), *FIFA's Application for Attorney Fees* Docket No. 230), and *Motion Submitting Itemized Request for Attorneys' Fees* (Docket No. 233). Accordingly, Plaintiffs' counsel **SHALL** pay **$6,732.73** to CONCACAF, **$12,401.67** to FIFA, and **$5,357.70** to FPF, in the total amount of **$24,492.10.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE