**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

PUERTO RICO SOCCER LEAGUE NFP,
CORP., et al.,

      **Plaintiffs,**

         v.

FEDERACIÓN PUERTORRIQUEÑA DE
FUTBOL, et al.,

      **Defendants.**

CIVIL NO. 23-1203 (RAM)

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is co-plaintiffs Puerto Rico Soccer League NFP, Corp. ("PRSL"); Maria Larracuente; Joseph Marc Seralta-Ives; and Futbol Boricua, Inc.'s (collectively, "Plaintiffs") *Amended Motion to Quash Subpoena* ("*Motion*"). (Docket No. 303).

Plaintiffs seek to quash a subpoena co-defendant Federation Internationale de Football Association ("FIFA") served Mr. José R Olmo-Rodríguez ("Mr. Olmo-Rodríguez") because all the claims concerning Mr. Olmo-Rodríguez have been dismissed. <u>Id.</u> Plaintiffs also asserted that Mr. Olmo-Rodríguez has no relevant knowledge as to the surviving claims. <u>Id.</u>

FIFA filed a *Defendant FIFA's Opposition to Plaintiffs' Motion to Quash Subpoena* averring that: (1) Mr. Olmo-Rodríguez is

not immune from discovery; (2) Plaintiffs have failed to satisfy their burden to demonstrate why the Court should quash the subpoena; and (3) the material requested is relevant to the case at bar. (Docket No. 313 at 3).

To compel non-parties to produce documents, a movant must serve the non-party a subpoena pursuant to Fed. R. Civ. P. 45 ("Rule 45"). Dumanian v. First Bank Puerto Rico, No. 21-MC-0473 (RAM), 2021 WL 5982638 (D.P.R. Dec. 17, 2021); *see also* Vazquez-Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 165 (D.P.R. 2010). Rule 45 allows a party or attorney to issue third-party subpoenas if they:

> [T]ake reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Philips Med. Sys. Puerto Rico, Inc. v. Alpha Biomedical & Diagnostic Corp., 2020 WL 12604854, at *2 (D.P.R. 2020) (quoting Fed. R. Civ. P. 45(d)(1)). A Rule 45 subpoena is also subject to the scope of discoverable information set forth in Fed. R. Civ. P. 26 (b)(1). *See* Dumanian, 2021 WL 5982638, at 3; Smith v. Turbocombustor Tech., Inc., 338 F.R.D. 174, 176 (D. Mass. 2021). Fed. R. Civ. P. 26 (b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case[.]".

A court must quash a *subpoena decus tecum* if the subpoena requests disclosure of privileged information or subjects a person to an undue burden. Dumanian, 2021 WL 5982638, at 3; *See* Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc., 297 F.R.D. 19, 20 (D.P.R. 2014). Therefore, the movant of a motion to quash must show that the material requested in the subpoena is protected or that production would be an undue burden. *See* Jee Family Holdings, LLC, 297 F.R.D. at 20-21 (denying a motion to quash given that although nonparties claimed that the information sought by the subpoena was privileged, they had failed to establish as much).

Plaintiffs' *Motion* fails to proffer any developed arguments or even citations to statutes or case law in support of their position that the subpoena should be quashed. (Docket No. 303). Plaintiffs have also failed to show that the evidence requested by Petitioners is privileged. Id.

At first glance, given that Mr. Olmo-Rodríguez is counsel for Plaintiffs, it may seem intuitive to conclude that the information FIFA seeks is privileged. However, Plaintiffs do not make the argument that the information is privileged. Moreover, a one-sentence assertion that Mr. Olmo-Rodríguez does not have any knowledge as to the surviving claims does not meet Plaintiffs'

burden here. Hence, the Court cannot arrive at conclusions in the absence of any argumentation.

For the foregoing reasons, the Court **DENIES** Plaintiffs' *Amended Motion to Quash Subpoena* at Docket No. 303 **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of June 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE